UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

               Plaintiff,

   v.

JOSE FELICIANO LUGO,

               Defendant.

Case No. CR18-217 RSM-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant Lugo's second motion to reopen his detention order and for release (dkt. # 332) as referred by the Honorable Ricardo S. Martinez. The government opposes Defendant's motion. (Dkt. # 333.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court DENIES Defendant's motion.[1]

## II. BACKGROUND

Defendant is currently a pretrial detainee at the Federal Detention Center ("FDC") in SeaTac, Washington. Defendant is charged with the following three counts in a third superseding

---

[1] Defendant requested oral argument. (Dkt. # 332 at 1.) The Court finds oral argument unnecessary.

ORDER - 1

indictment: (1) Conspiracy to Distribute Controlled Substances; (2) Possession of Furanyl Fentanyl with Intent to Distribute; and (3) Felon in Possession of Firearms. (Dkt. # 279.) The government alleges Defendant was involved with distribution of over 400 grams of fentanyl pills and distribution of furanyl fentanyl pills as well as selling 13 firearms to his co-defendant just seven months after Defendant ended his previous term of supervised release. (*Id.* at 1-2, 24-25; Dkt. # 333 at 2.)

The Court initially ordered Defendant detained in November 2019 after the government moved for his detention. (Dkt. ## 200, 226.) The Court found there was a rebuttable presumption that no conditions or combination of conditions would reasonably assure the appearance of Defendant as required and the safety of other persons in the community pursuant to 18 U.S.C. § 3142(e)(3)(A) because the charged offense carries a maximum term of imprisonment of ten years or more. (Dkt. # 226.) The Court also found the record as a whole did not rebut this presumption. (*Id.*) Specifically, the Court found the allegations involve possession and intent to sell over 13 firearms and a conspiracy to distribute an especially dangerous substance. (*Id.*) Further, Defendant lacked steady employment, had a history of numerous failures to appear, previously failed to comply with bond conditions in a prior matter resulting in bond revocation, and previously failed to comply with supervised release conditions including a failure to adhere to GPS program requirements and a finding by this Court of untruthfulness relating to his drug use. (*Id.*) The Court concluded that although Defendant had strong family and community ties and a permanent residence, detention pending trial was warranted. (*Id.*)

In December 2019, Defendant moved for reconsideration of his detention order. (Dkt. # 274.) Defendant based his motion on the availability of a third-party custodian and additional information allegedly mitigating his prior violations of pretrial supervision and/or supervised

ORDER - 2

release. (*Id.*) The government opposed Defendant's motion. (Dkt. # 275.) After hearing argument in January 2020, the Court denied Defendant's motion. (Dkt. # 303.)

Defendant now moves to reopen his detention order for a second time. (Dkt. # 332.) Defendant requests he be released on electronic home monitoring with a condition that his mother and sister function as third-party custodians. (*Id.* at 5.) The only new argument presented in Defendant's motion is that the COVID-19 pandemic warrants release to reduce his risk of contracting the disease and to better help him prepare his defense. (*Id.* at 4-5.)

### III. DISCUSSION

Defendant cites to 18 U.S.C. § 3142(f) as authority to reopen his detention order. (Dkt. # 332 at 2.) Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing may be reopened if a "judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant argues the health risks faced by incarcerated persons concerning COVID-19 constitutes new, material information not known during his previous detention hearings. (Dkt. # 332 at 2.) Defendant notes that two of the factors for the Court to consider in determining Defendant's detention are his "physical and mental conditions" and the nature and seriousness of the danger to any person or the community that would be posed by his release. Defendant also cites to 18 U.S.C. § 3142(i) that authorizes temporarily release if "such release [is] necessary for preparation of the person's defense or for another compelling reason." (*Id.*)

In support of his motion, Defendant asserts that not only do incarcerated populations have unique risks with regard to contracting COVID-19, but that as a lifetime smoker, he is more likely to develop serious health consequences than the average individual. (Dkt. # 332 at 2, 4.)

Defendant acknowledges that the Bureau of Prisons ("BOP") has made efforts to respond to the COVID-19 health crisis, but asserts incarcerated individuals are still not able to practice social distancing or rigorous hygiene as directed by the King County Department of Health and the Center for Disease Control and Prevention regarding the spread of COVID-19. (*Id.* at 2-3.) Defendant also argues that due to COVID-19, attorney-client visits are limited to phone calls that are not automatically available, which puts restrictions on the attorney-client relationship in a way that would not be present outside the custodial setting. (*Id.* at 4.) Defendant notes that defendants whose cases involve intercepted telephone communications may be skeptical about the confidentiality of such attorney-client phone calls. (*Id.* at 3-4.)

The government concedes that information regarding COIVD-19 was not known at the time of Defendant's initial detention hearings but argues this new information does not change the factors underlying the Court's previous detention determinations. (Dkt. # 333 at 5.) The government cites to the rebuttable presumption of detention and the 18 U.S.C. § 3142(g) factors found by the Court when it previously ordered detention. (*Id.*) The government also notes there is currently no evidence of COVID-19 at the FDC and that the BOP has taken measures to limit the introduction of COVID-19. (*Id.* at 6-8.)

The Court agrees with the government and finds Defendant has failed to establish he should be release either pending trial or temporarily. The Court is required to consider the 18 U.S.C. § 3142(g) factors in determining release, including the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, whether he was on probation, parole, or other court supervision at the time of the alleged offense conduct, and the nature and seriousness of the danger to any person or the community posed by the defendant's release. The Court previously considered these factors and

ORDER - 4

ordered Defendant detained. Although the COVID-19 pandemic was not known during the prior detention determinations, this health crisis does not change the Court's findings regarding the allegations that Defendant possessed numerous firearms, distributed an especially dangerous substance, and had prior pretrial and supervised release violations. The Court acknowledges that the Bail Reform Act also provides for consideration of Defendant's "physical and mental health." However, the only facts presented showing the impact of COVID-19 on Defendant's health is that he has been a "regular cigarette smoker since he was 14 years old and has smoked marijuana regularly most of his life as well." (*Id.* at 4.) While the Court is aware of Defendant's concern, it does not outweigh the Court's previous findings regarding the assurance of his appearance as required and the safety of other persons in the community. While the COVID-19 health crisis may constitute new, material information not known during the previous detention hearings, this information, alone, does not warrant release pending trial.

The Court is cognizant of the significant health concerns regarding COVID-19, especially for incarcerated populations. However, to date, there are no reported cases at the FDC where Defendant is incarcerated. Further, as noted by both parties, BOP has undertaken steps to avoid a widespread outbreak. (*See* https://www.bop.gov/resources/news/20200313_covid-19.jsp.) As detailed by the government, BOP inmates are screened for COVID-19 symptoms and risk of exposure. (Dkt. # 333 at 6-8.) Those with a documented risk of exposure are isolated and tested. (*Id.*) BOP facilities have been directed to assess their facilities and establish quarantine areas for those found to be infected with or at heighted risk of being infected with COVID-19. (*Id.*) BOP has placed a 30-day suspension on social and tour visits. (*Id.*) There is also a 30-day hold on legal visits except for a case-by case basis. (*Id.*) BOP is further directing facilities to modify its operations to mitigate the risks of COVID-19 transmission. (*Id.*) Accordingly, the Court does not

find at this time that the FDC is inadequately monitoring and/or managing the current health crisis, or that Defendant is particularly susceptible to contracting COVID-19.

The Court also finds Defendant has not established that he should be released temporarily pursuant to 18 U.S.C. § 3142(i) to prepare his defense. Although in-person legal visitations have been restricted to a case-by-case basis, Defendant acknowledges that attorney-client phone calls are available. As noted by Defendant, telephonic attorney-client communications are not "ideal" (dkt. # 332 at 4), but these less than ideal circumstances do not establish that Defendant should be temporarily released to pursue a more preferred method of communication with his attorney. The Court notes Washington residents are currently required to shelter at home to avoid the spread of COVID-19, which would presumably limit Defendant to telephonic communication with his attorney even if released. *See* Washington Governor's Proclamation 20-25.1 (April 2, 2020). To the extent Defendant is arguing he should be temporarily released pursuant to 18 U.S.C. § 3142(i) because COVID-19 constitutes a "compelling reason," this argument is rejected for the reasons discussed above.

## IV.    CONCLUSION

For the foregoing reasons, the Court orders Defendant's motion (dkt. # 332) be DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 7th day of April, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6