UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE, WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>JOSE LUGO,<br><br>        Defendant. | Case No. CR18-217 RSM<br><br>ORDER GRANTING MOTION TO PROCEED WITH GUILTY PLEA HEAIRNG BY VIDEO TELECONFERENCING |

## I.   INTRODUCTION

Before the court is Defendant Jose Lugo's motion to proceed with his guilty plea hearing by teleconferencing. Plaintiff United States of America ("the Government") does not oppose the motion.

The court has reviewed the motion, the record in this matter and the applicable law. Being fully advised and finding oral argument unnecessary, the court GRANTS the motion, as more fully discussed herein.

ORDER ON MOTION TO PROCEED WITH GUILTY
PLEA HEARING BY TELECONFERENCING- 1

KRADEL DEFENSE PLLC
1001 4TH Ave., Suite 4050
Seattle, WA  98154
(206) 397-3102

## II. BACKGROUND

General Order 04-20, provided for the use of video conferencing or telephone conferencing for felony pleas under Fed.R.Crim.P. 11. Under this order, a phone or video conference plea is authorized, provided that the district judge in the particular case finds for specific reasons that the plea in that case cannot be further delayed without serious harm to the interests of justice. *See* General Order 04-20(2).

The most recent order issued by this district is General Order 15-020. This order continues the procedures established by prior orders 02-20 and 03-20 until January 1, 2021 and provided for only one in-person criminal jury trial at a time in the courthouse "for the foreseeable future." That order allows individual judges to proceed with a "very limited number of in-person hearings in felony criminal proceedings... by issuing orders on a case-by-case basis so long as such orders address the [aforementioned] public health concerns."

There is a continued effort on the part of this court to limit the number of in-person hearings in this district out of continued public health and safety concerns.

## III. ANALYSIS

The Federal Rules of Criminal Procedure make no provision for a defendant to enter a guilty plea except while in open court. *See generally* Fed.R.Crim.P. Due to the COVID-19 pandemic and the public health emergency, Congress enacted the Coronavirus Aid, Relief, and Economic Safety Act ("CARES Act"), which provides that certain criminal proceedings may proceed by video teleconferencing during the COVID-19 national emergency, including a guilty plea in a felony case. *See* CARES Act§ 15002. To do so, the Judicial Conference of the United States first must find that the COVID-19 emergency will materially affect the functioning of the federal courts generally or a particular court. *Id*.

ORDER ON MOTION TO PROCEED WITH GUILTY
PLEA HEARING BY TELECONFERENCING- 2

KRADEL DEFENSE PLLC
1001 4TH Ave., Suite 4050
Seattle, WA 98154
(206) 397-3102

§15002(b)(2)(A). It has done so. *See* Administrative Office of the Unites States Courts, Judiciary News, *Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (March 31, 2020), https://www.uscourts.gov/news/2020/03031/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic.

On March 30, 2020, this Court fulfilled the second requirement of the CARES Act for permitting guilty plea hearings via video teleconferencing when the chief judge entered a finding that "felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." *See* GO04-20 at 2; *see also* CARES Act §15002(b)(2)(A). The court is also aware that the Federal Detention Center is able to provide defendants with the opportunity to appear at hearings by video through Webex and such hearings have been taking place in this district for several months.

Third, the CARES Act requires that the district court in the particular case must find "for specific reasons that the plea...in that case cannot be further delayed without serious harm to the interests of justice." *See* CARES Act §15002(b)(2)(A); *see also* GO 04-20. Accordingly, the court finds that, because Jose Lugo and the government have reached an agreement concerning her plea, and for reasons set forth in her motion, the plea hearing in this case "cannot be further delayed without serious harm to the interests of justice." *See* CARES Act §15002(b)(2)(A). *See* GO 15-020. In making this finding, the court places emphasis on how long the case has been pending, the reasonable practice of plea offer deadlines to avoid unnecessary motions and trial preparation by the parties and the need to continue to hear cases that can be heard while avoiding in-person hearings that jeopardize

ORDER ON MOTION TO PROCEED WITH GUILTY
PLEA HEARING BY TELECONFERENCING- 3

KRADEL DEFENSE PLLC
1001 4TH Ave., Suite 4050
Seattle, WA  98154
(206) 397-3102

public health and safety, when possible. The court also takes into consideration that the government has no objection to proceeding with the plea by way of a video hearing.

ACCORDINGLY, THE COURT ORDERS that the plea hearing in this case be conducted by video teleconference. The court FURTHER ORDERS that Jose Lugo's change of plea hearing be conducted before a Magistrate Judge and that the Clerk set a video teleconference hearing on June 11, 2021.

## IV.   CONCLUSION

Based on the foregoing analysis, and within the specific parameters set forth above, the court GRANTS the motion to proceed with a guilty plea hearing via video teleconference before a Magistrate Judge.

DATED this 9th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO PROCEED WITH GUILTY
PLEA HEARING BY TELECONFERENCING- 4

KRADEL DEFENSE PLLC
1001 4TH Ave., Suite 4050
Seattle, WA  98154
(206) 397-3102